1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                        ----oo0oo----

12   BARBARA BELLAH,

13          Plaintiff,
                                    NO. CIV. S-08-0066 FCD GGH
14      v.

15   AMERICAN AIRLINES, INC., MET
     LIFE, INTERNATIONAL            MEMORANDUM AND ORDER
16   ASSOCIATION OF MACHINISTS,
     and DOES 1 through 25,
17   inclusive,

18          Defendants.
     _____/
19

20                        ----oo0oo----

21      Defendant International Association of Machinists ("IAM")

22   filed a motion for summary judgment pursuant to Fed. R. Civ. P.

23   56.  Plaintiff Barbara Bellah ("Bellah") filed an opposition to

24   defendant's motion, which the court also construes as a motion

25   pursuant to Rule 56(f) for a continuance of the summary judgment

26   motion to afford plaintiff additional time to conduct discovery

27   necessary to oppose the motion.  For the reasons stated herein,[1]

28
     _____

           [1]   Because oral argument will not be of material
     assistance, the court orders this matter submitted on the briefs.
     See E.D. Cal. L.R. 78-230(h).

plaintiff's motion is GRANTED, and defendant's motion is DENIED without prejudice.

BACKGROUND[2]

Plaintiff Bellah worked as a flight attendant for Trans World Airlines, Inc. ("TWA") from 1985 until 2001. (UF ¶ 1.) On March 6, 1997, the National Mediation Board certified defendant IAM as the exclusive collective bargaining representative for TWA's flight attendants. (UF ¶ 2.) Subsequently, IAM and TWA negotiated a collective bargaining agreement ("CBA"), effective August 1, 1999, that provided for short term disability benefits. (UF ¶¶ 3-4.) Plaintiff also enrolled herself in a plan for long term disability benefits. (UF ¶ 12.) The parties dispute the role of IAM with respect to plaintiff's long term disability benefits plan. In or around August 2001, plaintiff stopped working because she became disabled. (UF ¶ 16.) Plaintiff filed a complaint, asserting that she is owed long term disability benefits from one or more the defendants.

Plaintiff filed suit in this matter on January 11, 2008. (DF ¶ 1.) Service of the Summons and Complaint was complete in April 2008, and defendants filed Answers in May and June 2008. (DF ¶¶ 2-3.) Defendant IAM filed this motion for summary judgment on May 28, 2008. (DF ¶ 4.) No discovery has been conducted. (DF ¶ 5.) However, during the course of her communications with defendant American Airlines, Inc. ("AA")

---

[2]     Unless otherwise noted, the facts herein are undisputed. (See Pl.'s Response to Stmt. Of Undisputed Facts in Supp. of Mot. for Summ. J. ("UF"), filed July 14, 2008.)  Where the facts are disputed, the court recounts plaintiff's version of the facts. (See Pl.'s Stmt. of Facts in Dispute of Def.'s Mot. for Summ. J. ("DF"), filed July 14, 2008.)

1  prior to filing suit, defendant AA denied plaintiff's claim for
2  long term disability benefits and referred her to IAM.  (DF ¶ 6.)
3  Defendant AA also referred to defendant IAM as the sponsor of the
4  long term disability benefits plan.  (DF ¶ 6.)

**STANDARD**

6      When a party opposing a motion for summary judgment cannot
7  present "facts essential to justify his opposition" to the
8  motion, Rule 56(f) permits the party to submit an affidavit
9  stating such reasons, and the court may continue or deny the
10 motion if the opposing party needs to discover essential facts.
11 Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518
12 (9th Cir. 1987) (citing Hancock v. Montgomery Ward Long Term
13 Disability Trust, 787 F.2d 1302, 1306 (9th Cir. 1986)).  "[A]
14 party must have an adequate opportunity to develop his claims
15 through discovery before summary judgment is appropriate."
16 Redmond v. Burlington Northern R.R. Co. Pension Plan, 821 F.2d
17 461, 469 (8th Cir. 1987); see also Celotex Corp. v. Catrett, 477
18 U.S. 317, 326 (1986) ("Any potential problems with premature
19 motions can be adequately dealt with under Rule 56(f), which
20 allows a summary judgment motion to be denied, or the hearing on
21 the motion to be continued, if the nonmoving party has not had an
22 opportunity to make full discovery.").  Moreover, "where the
23 facts are in possession of the moving party a continuance of a
24 motion for summary judgment for purposes of discovery should be
25 granted almost as a matter of course."  Int'l Raw Materials, Ltd.
26 v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990)
27 (quotations and citations omitted); see also Rogers v. Home
28 Shopping Network, Inc., 57 F. Supp. 2d 973, 981 (C.D. Cal. 1999).

**ANALYSIS**

Defendant IAM moves for summary judgment on the basis that it is not a proper party to this litigation and thus, all claims by plaintiff should be dismissed.   Specifically, IAM asserts that (1) it is not and was not the benefit plan or plan administrator under ERISA; and (2) that it is not and was not a fiduciary with respect to the long term disability benefits plan.   Plaintiff Bellah does not proffer substantive arguments or evidence to refute such assertions, but rather contends that defendant IAM's motion is premature because it is in possession of all relevant facts with respect to its role in the long term disability benefits plan at issue and because no discovery has been conducted in this matter.

Plaintiff's counsel filed an affidavit, recounting his communication with defendants prior to filing this lawsuit.   In late 2006, after various correspondence, counsel was directed by defendant Met Life to contact defendant AA.   (Decl. of John P. Henderson ("Henderson Decl."), filed July 14, 2008, ¶ 7.)   In 2007, counsel was eventually directed by defendant AA to contact defendant IAM regarding the long term disability benefits plan. (Id. ¶ 10.)   It is undisputed that IAM was the exclusive collective bargaining representative for TWA's flight attendants and that it negotiated the CBA for short term disability benefits.   Plaintiff also asserts that defendant AA referred to IAM as the "plan sponsor" for the long term disability benefits program.   In January 2008, plaintiff filed suit against defendants MetLife, AA, and IAM.   (Id. ¶ 11.)   Counsel asserts that these three defendants "should have substantial documentary

4

1  evidence as well as administrators capable of demonstrating the

2  respective rights of the parties." (Id. ¶ 13.)

3     Based upon these facts, it may be possible, as plaintiff

4  contends, that defendant IAM is a fiduciary or an otherwise

5  proper defendant in this case.[3]  No discovery has been conducted

6  in this case.  Plaintiff's counsel has filed an affidavit,

7  identifying that plaintiff needs to discovery facts relating to

8  the rights and roles of each named defendant.  Moreover,

9  defendants, not plaintiff, are in possession of the facts

10 necessary to resolve this dispute.  As such, plaintiff should be

11 given a reasonable opportunity to discover the essential facts to

12 make her claim for long term disability benefits.

13     Therefore, plaintiff's motion pursuant to Rule 56(f) for a

14 continuance of the summary judgment motion pending additional

15 discovery is GRANTED, and defendant IAM's motion for summary

16 judgment is DENIED without prejudice.

17     IT IS SO ORDERED.

18 DATED: July 23, 2008.

19

20                        _____
                          FRANK C. DAMRELL, JR.
21                        United States District Judge

22

23

24
   _____

25     [3]     In its reply, defendant asserts that the motion should
   be granted because even if IAM were the plan sponsor, as asserted
26 by plaintiff, it does not owe fiduciary duties.  Defendant reads
   plaintiff's opposition and assertion too narrowly.  Rather,
27 plaintiff asserts that, based upon her communications with the
   three defendants, including AA's characterization of IAM as a
28 plan sponsor, IAM may be a fiduciary or otherwise liable under
   ERISA.